**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AGNES PAAGO; YOHANES SAMUEL, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-74543 <br><br> Agency Nos. A096-356-429 <br> A096-356-430 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Agnes Paago and Yohanes Samuel, natives and citizens of Indonesia,

petition for review of the Board of Immigration Appeals' order dismissing their

appeal from an immigration judge's ("IJ") decision denying their application for

asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review for substantial evidence, *Kaiser v. Ashcroft*, 390 F.3d 653, 657 (9th Cir. 2004), and we deny the petition for review.

The record does not compel the conclusion that changed circumstances excused the untimely filing of petitioners' asylum application. *See* 8 C.F.R. § 1208.4(a)(4); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam). Accordingly, petitioners' asylum claim fails.

Petitioners do not challenge the agency's finding that they did not establish past persecution. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued are deemed waived). Even as members of a disfavored group, the record does not compel the conclusion that petitioners established sufficient individualized risk to show a clear probability of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1066 (9th Cir. 2009) ("An applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail"). Thus, petitioners' withholding of removal claim fails.

Substantial evidence also supports the agency's conclusion that petitioners are not eligible for CAT relief because they failed to show it is more likely than not they would be tortured if removed to Indonesia. *See id.* at 1067-68.

Petitioner's contention that the IJ did not address whether they could relocate is belied by the record.

**PETITION FOR REVIEW DENIED.**